# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **REBECCA G. LANCASTER, as the Executrix of the Estate of JAMES L. LANCASTER, deceased** | : : : : | |
| **Plaintiff** | : | |
| v. | : : | NO. 4:19-cv-3110 |
| **BNSF RAILWAY COMPANY, f/k/a Burlington Northern and Santa Fe Railway Company** | : : : : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendant** | : | |

## COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., which grants this Court jurisdiction over this action.

2. Plaintiff, Rebecca G. Lancaster, is an adult individual residing at 1009 Sherry Drive, Riverton, WY 82501, who is the wife of James L. Lancaster and the Executrix of his Estate [1].

3. Plaintiff's husband, James L. Lancaster died on August 21, 2018.

4. Defendant, BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railway, and successor in interest to Burlington Northern Railroad and the Atchison, Topeka and Santa Fe Railway, amongst other acquired railroads, (hereinafter collectively as "BNSF") was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout Nebraska and the various states of the United States.

---

[1] On November 21, 2019, the Clerk of the District Court of the Ninth Judicial District for the County of Fremont, State of Wyoming, issued Letters Testamentary appointing Rebecca G. Lancaster as the Executrix of the Estate of James L. Lancaster. A copy of which is attached hereto as Exhibit 1.

5. Railroads and their facilities are notorious for having been contaminated from years of transporting toxic substances and from the use of toxic substances and known carcinogens in the operation of the railroads themselves.

6. From 1974 to 2008, the Plaintiff's Decedent was employed by Defendant railroad as a trackman/track foreman and was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings, locomotives and along its right of ways, including but not limited to Wyoming, Montana, South Dakota and Nebraska, Plaintiff's Decedent was exposed to various toxic substances and carcinogens including but not limited to diesel fuel/exhaust, benzene, creosote, herbicides and rock/mineral dust and asbestos fibers.

8. Specifically, Plaintiff's Decedent was exposed to diesel fuel/exhaust/fumes and benzene from the exhausts of the locomotives and diesel powered track equipment; creosote from handling rail ties and timbers; herbicides from "spray trains"; silica from ballast dust and asbestos dust from brake shoes that was deposited in the ballast and asbestos insulation in the various track machines that the Decedent operated.

9. Plaintiff's Decedent's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of lung cancer.

10. Plaintiff's Decedent's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location and the precise job to which he was assigned.

11.     The Plaintiff's Decedent's cancer is the result of the negligence of the Defendant railroad in that it utilized known cancer causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

12.     Defendant's negligence consisted of:

(a)     Failing to use ordinary care and caution to provide the Plaintiff's Decedent with a reasonably safe place in which to work as required by the FELA;

(b)     Failing to provide on track machinery with properly designed and adequately functioning ventilation systems;

(c)     Failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's Decedent's exposure to toxic materials and carcinogens;

(d)     Failing to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

(e)     Failing to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

(f)     Failing to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways;

(g)     Failing to periodically test employees such as the Plaintiff's Decedent for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff's Decedent as to the test results;

    (h)    Failing to warn the Plaintiff's Decedent of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

    (i)    Failing to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff's Decedent, to carcinogens;

    (j)    Failing to provide the Plaintiff's Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens; and

    (k)    Failing to provide the Plaintiff's Decedent with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

13. The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

14. As a direct result of the negligence of the Defendant, the Plaintiff's Decedent experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

15. As a result of the negligence of the Defendant, Plaintiff's Decedent sustained a loss of future benefits including loss of pension benefits due to his premature death.

16. Plaintiff's Decedent suffered from a fear of death as a result of his cancer.

17. Plaintiff seeks all damages recoverable under the FELA.

18. Plaintiff's Decedent was never informed as to the cause of his cancer.

19. Less than three (3) years before Plaintiff's Complaint was filed she first learned that his cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff, Rebecca G. Lancaster, demands judgment against the Defendant, in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and the costs of this action.

BERN CAPPELLI

Dated: November 27, 2019      BY:   /s/ Shawn M. Sassaman
                                  SHAWN M. SASSAMAN
                                  Attorneys for Plaintiff
                                  101 West Elm Street
                                  Suite 215
                                  Conshohocken, PA  19428
                                  (610) 941-4444
                                  (610) 941-9880 fax